**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br>ZOHAR III, CORP., *et al*.,[1]<br><br>　　　　　　　　Debtors. | Chapter 11<br>Case No. 18-10512 (KBO)<br>Jointly Administered |
| BLANK ROME LLP, FFP (CAYMAN) LIMITED, MAPLES AND CALDER, MAPLESFS LIMITED, MORRIS, NICHOLS, ARSHT & TUNNEL LLP, GARY NEEMS, and QUINN EMANUEL URQUHART & SULLIVAN LLP,<br><br>　　　　　　　　Plaintiffs,<br><br>　　　　v.<br><br>ZOHAR CDO 2003-1, CORP. and ZOHAR CDO 2003-1, LIMITED,<br><br>　　　　　　　　Defendants. | Adversary No. _____ |

**COMPLAINT TO DETERMINE THAT CERTAIN FUNDS BELONG TO BLANK ROME LLP, FFP (CAYMAN) LIMITED, MAPLES AND CALDER, MAPLESFS LIMITED, MORRIS, NICHOLS, ARSHT & TUNNEL LLP, GARY NEEMS, AND QUINN EMANUEL URQUHART & SULLIVAN LLP**

　　　　1.　　Plaintiffs, Blank Rome LLP, FFP (Cayman) Limited, Maples and Calder, MaplesFS Limited, Morris, Nichols, Arsht & Tunnel, Gary Neems, and Quinn Emanuel Urquhart & Sullivan LLP, sue Debtors Zohar CDO 2003-1, Corp. and Zohar CDO 2003-1, Limited, for a determination that the sum of $1,831,216.32 held in escrow by U.S. Bank National Association ("U.S. Bank") belongs to Plaintiffs.

---

[1] The Debtors are Zohar CDO 2003-1, Corp., Zohar CDO 2003-1, Limited. (collectively, "Zohar 1"); Zohar II 2005-1, Corp., Zohar II 2005-1, Limited (collectively, "Zohar II"); Zohar III, Corp., and Zohar III, Limited (collectively, "Zohar III," and, collectively with Zohar 1 and Zohar II, the "Zohar Funds").

## JURISDICTION AND VENUE

2. This Court has jurisdiction over the subject matter of the Complaint pursuant to 28 U.S.C. §§ 157(a), 1334(b), and 2201-02. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) and (O).

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1409(a).

## PARTIES AND PARTIES IN INTEREST

4. Defendant and Debtor Zohar CDO 2003-1, Corp. is a corporation organized under the laws of the State of Delaware.

5. Defendant and Debtor Zohar CDO 2003-1, Limited is a Cayman Islands limited company with its principal place of business in Grand Cayman, Cayman Islands.

6. Debtor Zohar II 2005-1, Corp. is a corporation organized under the laws of the State of Delaware.

7. Debtor Zohar II 2005-1, Limited is a Cayman Islands limited company with its principal place of business in Grand Cayman, Cayman Islands.

8. Debtor Zohar III, Corp. is a corporation organized under the laws of the State of Delaware.

9. Debtor Zohar III, Limited is a Cayman Islands limited company with its principal place of business in Grand Cayman, Cayman Islands.

10. Plaintiff Blank Rome LLP, a Pennsylvania limited liability partnership, is a law firm headquartered in Pennsylvania with other offices in Delaware, California, Florida, Illinois, New Jersey, New York, Ohio, Texas, the District of Columbia, and Shanghai, People's Republic of China.

11. Plaintiff FFP (Cayman) Limited is a Cayman Limited Company located in Grand Cayman, Cayman Islands.

12. Plaintiff Maples and Calder is a partnership holding an operational license No. 14/2013 issued by the Grand Court of the Cayman Islands under the Legal Practitioners Law of the Cayman Islands. Maples Corporate Services Limited (company number 107396) is regulated by the Cayman Islands Monetary Authority. Maples Corporate Services Limited provides registered office services.

13. Plaintiff MaplesFS Limited is a Cayman Limited Company located in Grand Cayman, Cayman Islands.

14. Plaintiff Morris, Nichols, Arsht & Tunnel LLP, a Delaware limited liability partnership, is a law firm headquartered in Delaware.

15. Plaintiff Gary Neems is an individual residing in Stamford, Connecticut.

16. Plaintiff Quinn Emanuel Urquhart & Sullivan LLP, a California limited liability partnership, is a law firm headquartered in Los Angeles, California, with other offices located in California, Illinois, Massachusetts, New York, Texas, Utah, Washington, the District of Columbia, Australia, Brussels, China, France, Germany, Japan, Switzerland and the United Kingdom.

17. MBIA Insurance Corporation ("MBIA"), a monoline insurance company organized under the laws of the State of Connecticut with its principal place of business in Armonk, New York, served as the Credit Enhancer to Zohar 1 and Zohar II.

18. Upon information and belief, Judge Joseph J. Farnan, Jr., the Independent Director of the Zohar Funds, is a resident of Delaware.

19. Lynn Tilton, a resident of Florida, is the founder and Chief Executive Officer of Patriarch Partners, LLC and the principal and sole manager of numerous other Patriarch affiliates.

20. Patriarch XV, LLC ("Patriarch XV") is a Delaware limited liability company with its principal place of business in New York, New York. Upon information and belief, the only member of Patriarch XV is Lynn Tilton.

21. U.S. Bank, a national banking association with its charter in the State of Ohio, is the Trustee for the Zohar Funds.

## FACTUAL BACKGROUND

Patriarch XV files an involuntary petition against Zohar 1.

22. On November 22, 2015, Patriarch XV, a holder of junior notes issued by Zohar 1, filed involuntary chapter 11 petitions in the United States Bankruptcy Court for the Southern District of New York against Zohar 1 (the "Involuntary Petition").[2]

23. Along with MBIA, which held the senior notes issued by Zohar 1, Zohar 1 filed a motion to dismiss the Involuntary Petition.

24. After significant discovery and an evidentiary hearing, on February 6, 2016, Patriarch XV withdrew the Involuntary Petition.

25. On April 18, 2016, Zohar 1 filed a motion for fees and expenses (the "Fee Motion") seeking payment of the amounts owed to Maples and Calder and Blank Rome LLP in defending against the Involuntary Petition as provided for in 11 USC § 303(i).

---

[2] The involuntary chapter 11 cases are titled *In re: Zohar CDO 2003-1, Limited*, Case No. 15-23680 (RDD); *In re Zohar CDO 2003-1, Corp.*, Case No. 15-23681 (RDD); and *In re Zohar CDO 2003-1, LLC*, Case No. 15-23682 (RDD).

MBIA directs that Zohar 1's assets be sold and that
<u>funds be set aside to pay U.S. Bank's and Zohar 1's expenses.</u>

26. In a document titled Directions to Trustee and Indemnification dated as of June 27, 2016 (the "Directions"), MBIA, as the Controlling Party under the Indenture governing Zohar 1, directed that substantially all of Zohar 1's assets be sold at a public auction conducted pursuant to procedures approved by a federal court due to an Event of Default having been declared on November 24, 2015.

27. Pursuant to the Directions, U.S. Bank, as trustee for Zohar 1, was to retain $4,245,000 to pay U.S. Bank's and Zohar 1's fees and expenses "which may arise or be presented for payment following the completion of the sale of the Offered Collateral …" Of this amount, $2,625,000 was set aside to cover U.S. Bank's fees and expenses (the "Trustee Holdback Amount") and $1,620,000 to cover Zohar 1's fees and expenses incurred by Zohar 1 in connection with the Involuntary Petition as well as other fees and expenses of the Plaintiffs and other service providers (collectively, the "Service Providers").[3]

28. On January 12, 2017, MBIA submitted the winning bid and acquired substantially all of Zohar 1's assets at auction.

29. On January 19, 2017, MBIA, U.S. Bank and Zohar 1 entered into a Letter Agreement (the "Letter Agreement") pursuant to which the parties agreed that MBIA would increase the amount set aside to cover Zohar 1's fees and expenses to $2,420,000 (the "Issuer Holdback Amount"), increasing the total amount retained to $5,545,000 (the "Holdback Amount"), for the benefit of the Service Providers. MBIA and Zohar 1 relinquished all direct

---

[3] The Service Providers are Alvarez & Marsal, Blank Rome LLP, Cohen & Gresser LLP, FFP (Cayman) Limited, Gary Neems, MaplesFS Limited, Maples and Calder, Morris, Nichols, Arsht & Tunnell LLP, and Quinn Emanuel Urquhart & Sullivan LLP.

control over the Issuer Holdback Amount upon MBIA's direction to transfer the Holdback Amount to U.S. Bank as trustee.

30. According to the Letter Agreement, in the event of a settlement of the Fee Motion approved by MBIA, Zohar 1 and MBIA agreed to **promptly** give U.S. Bank notice ("Notice") of the amount of legal fees and expenses that were not paid in the settlement (the "Unpaid Issuer Fee Amount"), which amount U.S. Bank, holding the funds as a fiduciary, agreed to release within two days of receiving such notice.[4] The parties agreed that any amount of the Issuer Holdback Amount not released to pay Zohar 1's fees and expenses would be released to MBIA.

31. On February 16, 2017, MBIA and certain Service Providers (the "Settling Service Providers")[5] entered into an agreement (the "February 16, 2017 Agreement") authorizing the Settling Service Providers to settle the Fee Motion on the condition that MBIA would pay the Settling Service Providers $1,138,460, to the extent any Issuer Holdback Amount was released to MBIA.

32. In reliance on the Letter Agreement and the February 16, 2017 Agreement, the Settling Service Providers agreed to settle the Fee Motion, with MBIA's approval. The settlement between Zohar 1 and Patriarch XV was entered on February 17, 2017. Under that agreement, Patriarch XV agreed to pay Zohar 1 $500,000 to cover a portion of the fees and expenses incurred in connection with the Involuntary Petition.

33. The settlement of the Fee Motion satisfied the Letter Agreement's condition for the release of the Issuer Holdback Amount. But by the time of the settlement, Tilton, or entities

---

[4] The Issuer Holdback Amount would be released either to the Issuer to pay its legal fees and expenses or directly to the Service Providers as set forth in the Notice sent by the Issuer and MBIA.

[5] Blank Rome LLP, Maples and Calder, Maples FS Limited, and FFP (Cayman) Limited.

controlled by her, removed the disinterested, independent directors of Zohar 1 and appointed Tilton as sole director. Tilton, as the only person authorized to give the Notice on behalf of Zohar 1, failed to provide U.S. Bank with the required Notice, causing the Service Providers' funds to languish with U.S. Bank for over two years. MBIA, on the other hand, has indicated it would give the required Notice to U.S. Bank.

<u>Tilton files voluntary Chapter 11 for Zohar 1</u>.

34. On March 11, 2018, Tilton, as sole director of Zohar 1, filed voluntary chapter 11 cases for Zohar 1, as well as for Zohar II and III. On June 26, 2018, this Court entered an order approving the appointment of Joseph J. Farnan, Jr. as director of Zohar 1 in replacement of Tilton.

35. On June 21, 2018, and again on February 29, 2019, Blank Rome LLP wrote to Judge Farnan on behalf of itself and the other Service Providers requesting that he direct the Trustee to release the Issuer Holdback Amount. While Patriarch XV did not object to the release of the Trustee Holdback Amount, Patriarch XV apparently objected to the Issuer Holdback Amount being released, asserting that the Issuer Holdback Amount was part of the Zohar 1 estates and should be distributed through the bankruptcy proceeding. Due to Patriarch XV's objection, Judge Farnan has refused to take action with respect to the Issuer Holdback Amount.

## COUNT I: DECLARATORY JUDGMENT

*(U.S. Bank Holds the Unpaid Issuer Fee Amount in Escrow)*

36. Plaintiffs repeat and reallege the allegations in paragraphs 1 through 35 as if fully set forth herein.

37. An actual controversy exists between the Service Providers and Zohar 1 regarding whether the Unpaid Issuer Fee Amount is part of the Zohar 1's estates.

38. This controversy is of sufficient immediacy to warrant judicial relief under 11 U.S.C. § 105, the Declaratory Judgment Act, 28 U.S.C. §§ 2201-02, and Federal Rule of Civil Procedure 57.

39. Zohar 1's estates do not have any interest in the Unpaid Issuer Fee Amount because U.S. Bank is holding the funds in escrow under New York law for the benefit of the Service Providers.

40. The Service Providers are entitled to declarations from this Court that the Unpaid Issuer Fee Amount does not constitute property of Zohar 1's estates, is not subject to the automatic stay in Zohar 1's chapter 11 cases under section 362 of the Bankruptcy Code, and must be immediately released pursuant to and in accordance with the provisions of the Letter Agreement.

## COUNT II: DECLARATORY JUDGMENT

### (*U.S. Bank Holds the Unpaid Issuer Fee Amount in Express Trust*)

41. Plaintiffs repeat and reallege the allegations in paragraphs 1 through 35 as if fully set forth herein.

42. An actual controversy exists between the Service Providers and Zohar 1 regarding whether the Unpaid Issuer Fee Amount is property of Zohar 1's estates.

43. This controversy is of sufficient immediacy to warrant judicial relief under 11 U.S.C. § 105, the Declaratory Judgment Act, 28 U.S.C. §§ 2201-02, and Federal Rule of Civil Procedure 57.

44. Zohar 1's estates do not have any equitable interest in the Unpaid Issuer Fee Amount because U.S. Bank is holding the funds in express trust under New York law for the benefit of the Service Providers.

45. Accordingly, the Service Providers are entitled to declarations from this Court that the equitable interest in the Unpaid Issuer Fee Amount is held in express trust for the benefit of the Service Providers, does not constitute property of Zohar 1's bankruptcy estates, is not subject to the automatic stay in Zohar 1's chapter 11 cases under section 362 of the Bankruptcy Code, and must be immediately released to the Service Providers pursuant to and in accordance with the provisions of the Letter Agreement.

### COUNT III: DECLARATORY JUDGMENT

*(**U.S. Bank Holds the Unpaid Issuer Fee Amount in Constructive Trust**)*

46. Plaintiffs repeat and reallege the allegations in paragraphs 1 through 35 as if fully set forth herein.

47. An actual controversy exists between the Service Providers and Zohar 1 regarding whether the Unpaid Issuer Fee Amount is property of Zohar 1's estates.

48. This controversy is of sufficient immediacy to warrant judicial relief under 11 U.S.C. § 105, the Declaratory Judgment Act, 28 U.S.C. §§ 2201-02, and Federal Rule of Civil Procedure 57.

49. Zohar 1's estates do not have any equitable interest in the Unpaid Issuer Fee Amount because U.S. Bank is holding the funds in constructive trust under New York law for the benefit of the Service Providers.

50. Zohar 1's estates and Patriarch XV will be unjustly enriched at the expense of the Service Providers if the equitable interest in the Unpaid Issuer Fee Amount is deemed to be part of Zohar 1's estates.

51. Accordingly, the Service Providers are entitled to declarations from this Court that the equitable interest in the Unpaid Issuer Fee Amount is held by U.S. Bank for the benefit

of the Service Providers, does not constitute property of Zohar 1's bankruptcy estates, is not subject to the automatic stay in Zohar 1's chapter 11 cases under section 362 of the Bankruptcy Code, and must be immediately released to the Service Providers pursuant to and in accordance with the provisions of the Letter Agreement.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs request this Court enter judgment in their favor as follows:

a. Declaring the Unpaid Issuer Fee Amount is held by U.S. Bank in escrow pursuant to the Letter Agreement, does not constitute property of Zohar 1's estates, and is free and clear of any claim, right, title, interest or encumbrance of or in favor of Zohar 1, its chapter 11 estates or Patriarch XV;

b. Alternatively, declaring the equitable interest in the Unpaid Issuer Fee Amount is held by U.S. Bank in express trust pursuant to the Letter Agreement, does not constitute property of Zohar 1's estates, and is free and clear of any claim, right, title, interest or encumbrance of or in favor of Zohar 1, its chapter 11 estate or Patriarch XV;

c. Alternatively, declaring the equitable interest in the Unpaid Issuer Fee Amount is held by U.S. Bank in constructive trust pursuant to the Letter Agreement, does not constitute property of Zohar 1's estates, and is free and clear of any claim, right, title, interest or encumbrance of or in favor of Zohar 1, its chapter 11 estates or Patriarch XV;

d. Declaring U.S. Bank's disbursement of the entirety of the Unpaid Issuer Fee Amount under the terms of the Letter Agreement does not and would not constitute a violation of the automatic stay in Zohar 1's chapter 11 cases under section 362 of the Bankruptcy Code, and does not and would not constitute a violation of any other provisions of the Bankruptcy Code;

e.  Directing U.S. Bank to release the entirety of the Unpaid Issuer Fee Amount pursuant to and in accordance with the terms of the Letter Agreement; and

f.  Granting such further relief as this Court deems just and proper, including granting Plaintiffs their costs and expenses, including attorneys' fees, incurred in this action.

Dated: July 12, 2019

BLANK ROME LLP

*/s/* Victoria A. Guilfoyle
Regina Stango Kelbon
Victoria A. Guilfoyle
1201 N. Market Street
Suite 800
Wilmington, DE 19801
Phone: (302) 425-6400
Fax: (302) 428-5133
Kelbon@BlankRome.com
Guilfoyle@BlankRome.com

Kenneth L. Bressler
1271 Avenue of the Americas
New York, NY 10020
Phone: (212) 885-5000
Fax: (212) 885-5001
KBressler@BlankRome.com

*Attorneys for Plaintiffs, Blank Rome LLP, FFP (Cayman) Limited, Maples and Calder, MaplesFS Limited, and Gary Neems*

Jonathan E. Pickhardt
QUINN EMANUEL URQUHART & SULLIVAN, LLP
51 Madison Avenue, 22nd Floor
New York, NY 10010
Phone: (212) 849-7000
Fax: (212) 849-7100
jonpickhardt@quinnemanuel.com

*Attorneys for Plaintiff Quinn Emanuel Urquhart & Sullivan, LLP*

11

Kenneth Nachbar
MORRIS, NICHOLS, ARSHT & TUNNEL
1201 North Market Street, 16th Floor
Wilmington, DE 19899-1347
Phone: (302) 658-9200
Fax: (302) 422-3013
knachbar@mnat.com

*Attorneys for Plaintiff Morris, Nichols, Arsht & Tunnell LLP*